UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KEEGAN GORDON,

    Plaintiff,

v                                           No.
                                               Hon.

TRAVERSE CITY AREA PUBLIC
SCHOOLS,

    Defendant.

                                        /

Grant W. Parsons     (P38214)
Stephen M. Wittbrodt   (P76160)
Parsons Law Firm PLC
Attorney for Plaintiff
520 South Union, PO Box 1710
Traverse City MI 49685-1710
(231) 929-3113
                                        /

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Keegan Gordon ("Plaintiff"), by and through his attorneys, Parsons Law Firm PLC, and for his complaint against Defendant states the following:

### OVERVIEW

Plaintiff, age 15 at the time, was an exceptional athlete and capable student. His high school teacher, Lisa Placek ("Placek"), preyed on him with sexually explicit text messages. Her exploitation of his youth culminated in a sexual assault. Placek pled guilty to assault with intent to commit criminal sexual conduct in the first degree – sexual penetration of a person between the ages of 13 and 16 by a teacher. **MCL 750.520b(1)(b); 750.520g(1)**

PARSONS
LAW FIRM

LAW OFFICE
(231) 929 3113
(231) 929 3036 fax

520 S. Union Street
P.O. Box 1710
Traverse City, MI
49685-1710

Defendant received notice that Placek had engaged in prior similar acts with at least one other student. Despite this knowledge, Defendant school officials, instead of supporting Plaintiff, retaliated against him socially and academically for "rocking the boat" and allowed student-on-student and teacher-on teacher retaliation – students harassed him; parents gossiped about him; coaches excluded him; teachers refused to share their classrooms with him; administration changed his classes and supervision, expelled him for a period of time; officials falsely accused him of misconduct and made unsubstantiated reports against him to police to undermine his credibility during the sexual assault investigation. Plaintiff, the victim of sexual assault, became the victim of ostracism and retaliation as a result of the actions of those school personnel who are legally charged with protecting him and with nurturing his rehabilitation.

## PARTIES, JURISDICTION AND VENUE

1. At all relevant times, Plaintiff was a resident of Grand Traverse County, Michigan, and a student at Traverse City West Senior High School ("TCW").

2. Defendant Traverse City Area Public Schools ("TCAPS") is a Michigan public school district pursuant to the School Code of 1976, MCL 380.1 *et seq.*, with principal offices in Traverse City, Grand Traverse County, Michigan. TCW is a part of the TCAPS school district.

3. The acts and omissions complained of herein occurred in Grand Traverse County, Michigan, and Leelanau County, Michigan, while Plaintiff was a student at Defendant TCAPS.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4), 2201 and 2202; Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*; and 42 U.S.C. §1983.

5. The amount in controversy exceeds $75,000 exclusive of costs, interest and attorney fees.

## FACTUAL ALLEGATIONS

6. Paragraphs 1-5 are hereby incorporated by reference as if fully stated.

7. Plaintiff was born on 03/07/1996. He had attended Traverse City Public Schools throughout his life. During the 2011-2012 school year, he was enrolled in tenth grade at TCW, and was a member of the boys' baseball and football teams.

8. In Winter, 2011, TCW teacher Lisa Placek used her position of authority to make inappropriate advance to Plaintiff in the form of lewd text messages.

9. Placek sent Plaintiff text messages both in and out of school during his ninth grade year, and it became nearly a daily occurrence during his tenth grade year. Placek began "sexting" Plaintiff approximately one month before Christmas break in 2011; during Christmas break, Placek sent two images of her bare breasts to Plaintiff.

10. On or about December 31, 2011, Placek picked up Plaintiff in her car and performed oral sex on him.

11. Placek's misconduct toward Plaintiff came to light when a student "blew the whistle" in early January 2012.

3

12. It was not until about March 1, 2012, that Placek pled guilty to assault with intent to commit criminal sexual conduct in the first degree – sexual penetration of a person between the ages of 13 and 16 by a teacher.

13. Placek had previously engaged in similar inappropriate conduct with at least one other student, and that fact became known by Defendant in January 2012, when TCAPS received an email, describing Placek's prior sexual acts with another student: **"he shared with me that she had also sent him nude pictures during the summer of '08 ... He and Mrs. Placek had sex ..."**

14. In spite of knowing of prior acts, instead of protecting Plaintiff and ensuring his rehabilitation, Defendant and the school community engaged in retaliatory treatment against Plaintiff in an apparent attempt to punish him and/or have him criminally charged, and/or to undermine his credibility during the police investigation of the changes against Placek for the December 31, 2011 assault.

    a.    On or about January 25, 2012, Plaintiff informed Defendant about online bullying; Defendant, however, failed or refused to remedy the bullying;

    b.    Defendant suspended Plaintiff from school for four days, in January;

    c.    On or about February 2, Defendant accused Plaintiff of chewing tobacco in school and suspended him for five days. The accusation was false and was later retracted by school officials;

    d.    On or about February 2, one of Defendant's officials accused Plaintiff of being "untrustworthy" and accused him of having "sexual issues" because of the Placek incident;

    e.    On or about February 2, Defendant called the local sheriff's department and accused Plaintiff of instructing other students how to view and download internet nudity. The charges were false and police refused them;

      f.      In early February, school officials called police and accused Plaintiff of "dipping" tobacco; the charges were false and police refused them.

      g.      One of Defendant's officials created a list of alleged wrongdoings by Plaintiff which included a recommendation for his suspension for fighting; officials checked the security cameras of the area where the fight supposedly happened and found no incident;

      h.      A TCW teacher humiliated Plaintiff in front of the whole class by taking his phone and forcing Plaintiff to move his desk to the front of the room so that he could face the other students;

      i.      Plaintiff's football and baseball coaches (who were colleagues of the coach who sexually assaulted Plaintiff) shunned Plaintiff and refused to include him in team activities. They stopped the routine of picking him up for early work-outs and excluded him from the road trips, and made it known to students that Plaintiff was undesirable;

      j.      Defendant forced Plaintiff to change classes from "C" Wing – to "A" Wing; as a result, Plaintiff lost his friends and classes;

      k.      Defendant refused to allow Plaintiff to attend classes that Placek's children were enrolled in, causing him to transfer;

      l.      Students "keyed" and wrote obscenities on Plaintiff's car; and

      m.      Plaintiff was threatened physically by other students without any remedy from Defendant, who had actual knowledge of on-line threats.

15.    As a result of Defendant's retaliatory behavior toward Plaintiff, students continued to harass him in and out of school, and the school community thought Plaintiff was at fault because Placek did not admit her guilt until March – three months after the fact. By then, Plaintiff was an outcast in school and among youths in the community.

16. Defendant took little or no action to rehabilitate Plaintiff or to protect him from social and academic retaliation, which were the foreseeable results of Placek's misconduct.

17. As a result of Defendant's retaliatory actions, Plaintiff changed schools, moved out of town, returned but failed to handle the stresses of local school, and dropped out without finishing.

18. As a direct and proximate result of the sexual harassment and retaliation by Defendant, Plaintiff suffered severe embarrassment, humiliation, retaliation and harassment and anguish, loss of reputation and social standing, he lost his athletics participation and with it, his opportunity for a college scholarship.

## COUNT I:
## 42 U.S.C. §1983 SEX HARASSMENT/EQUAL PROTECTION

19. Paragraphs 1-18 are hereby incorporated by reference as if fully stated.

20. Plaintiff had a constitutional right to equal protection of the law, and to be free from harassment based on his sex.

21. Defendant's acts and omissions, including but not limited to having a policy and practice to retaliate against students who protest or object to mistreatment, and a policy and/or practice not to counsel and rehabilitate students who are victims of mistreatment during school, violated Plaintiff's constitutional civil rights.

22. Defendant's acts and omissions in depriving Plaintiff of his constitutional rights damaged him as alleged herein.

23. Defendant's acts and omissions, resulting in the deprivation of Plaintiff's constitutional rights, resulted from a policy or custom of failing to enforce protective

measures and/or protect against bullying and/or sexual assaults, and the permissive and/or express policy of supporting teacher misconduct by retaliating against student victims in the Traverse City Area Public School system.

24. Defendant is liable to Plaintiff under 42 U.S.C. §1983 for violation of Plaintiff's 14th Amendment right to equal protection of law as described herein.

25. Defendant is not immune from liability under this theory inasmuch as Defendant acted intentionally or grossly negligently, and/or in a manner that was deliberately indifferent to Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment against Defendant in an amount in excess of $75,000 that is reasonably calculated to compensate Plaintiff for his injuries together with costs, interest, statutory attorney fees, economic damages including loss of athletic scholarship, non-economic damages and whatever declaratory and other relief this Court deems necessary and appropriate to enforce Plaintiff's constitutional rights.

## COUNT II:
## TITLE IX GENDER DISCRIMINATION

26. Paragraphs 1-25 are hereby incorporated by reference as if fully stated.

27. Defendant was the recipient of federal funds and was therefore subject to the duties and purposes of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*.

28. Plaintiff suffered sexual assault resulting in harassment because of his student status.

    a.    Teachers retaliated as described, including but not limited to those acts in #14 above;

    b.    School administrators retaliated as described, including but not limited to those acts in #14 above;

    c.    Students retaliated as described, including but not limited to those acts in #14 above.

29.    The harassment was so severe, pervasive, and objectively offensive that it could be said to deprive Plaintiff of access to the educational opportunities or benefits provided by Defendant TCAPS.

30.    Defendant had actual knowledge of the harassment, and both failed to remediate the problem of harassment and added harassment by falsely reporting allegations and undermining Plaintiff's credibility during a period from January to March, where the sexual assailant's guilt (and Plaintiff's veracity) were in question.

31.    Defendant was deliberately indifferent to the harassment suffered by Plaintiff.

32.    The harassment included false allegations of crimes, disciplinary violations, and academic and social retaliation against Plaintiff, the reporting victim.

33.    As a direct and proximate result of the harassment, Plaintiff suffered damages as alleged herein.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment against Defendant in an amount in excess of $75,000 that is reasonably calculated to compensate Plaintiff for his injuries together with costs, interest, statutory attorney fees, economic damages including loss of athletic scholarship, non-economic damages and whatever declaratory and other relief this Court deems necessary and appropriate to enforce Plaintiff's constitutional rights.

## COUNT III:
### ELLIOT-LARSEN CIVIL RIGHTS ACT SEX HARASSMENT

34. Paragraphs 1-33 are hereby incorporated by reference as if fully stated.

35. Defendant TCAPS is a *place of public accommodation*, a *public service*, and an *educational institution* as defined in Michigan's Elliot-Larsen Civil Rights Act (ELRCA), MCL 37.2101 *et seq.*, MCL 37.2301, MCL 37.2401.

36. Defendant TCAPS is a *person*, as that term is defined in the ELCRA, MCL 37.2101.

37. Defendant violated the ELCRA and deprived Plaintiff of his civil rights by, *inter alia*:

   a. Subjecting Plaintiff, because of his complaint of female teach-on-student sexual assault, to conduct and communication which had the purpose and/or effect of denying him the full benefit of the educational program of Defendant TCAPS and full and equal access to the use and privileges of public accommodations, public service, and educational opportunity; and

   b. Allowing, failing to stop, and/or contributing to harassment and retaliation of Plaintiff by teachers and other persons under the control of Defendant.

38. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered damages as alleged herein.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment against Defendant in an amount in excess of $75,000 that is reasonably calculated to compensate Plaintiff for his injuries together with costs, interest, statutory attorney fees, economic damages including loss of athletic scholarship,

non-economic damages and whatever declaratory and other relief this Court deems necessary and appropriate to enforce Plaintiff's constitutional rights.

## DAMAGES

39. Paragraphs 1-38 are hereby incorporated by reference as if fully stated.

40. As a proximate cause and/or consequence of Defendant's acts and omissions, Plaintiff suffered actual and/or consequential damages including but not limited to the following:

    a. Physical injury including hives, sleep loss and extreme anxiety;

    b. Public embarrassment, anger, anxiety and depression;

    c. Counseling costs;

    d. loss of academic and athletic participation;

    e. predictable loss of future economic opportunities due to the lack of a high school diploma;

    f. predictable loss of athletic scholarship; and

    g. any additional combination of punitive and exemplary damages as allowed by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment against Defendant in an amount in excess of $75,000 that is reasonably calculated to compensate Plaintiff for his injuries together with costs, interest, statutory attorney fees, economic damages including loss of athletic scholarship, non-economic damages and whatever declaratory and other relief this Court deems necessary and appropriate to enforce Plaintiff's constitutional rights.

PARSONS LAW FIRM PLC

Dated: February 6, 2015
/s/Grant W. Parsons
Attorney for Plaintiff
Parsons Law Firm PLC
520 S. Union, PO Box 1710
Traverse City MI 49685-1710
(231) 929-3113
info@parsonslawfirm.net
P38214

## JURY DEMAND

NOW COMES PLAINTIFF, and demands a trial by jury for the above matter.

PARSONS LAW FIRM PLC

Dated: February 6, 2015
/s/Grant W. Parsons
Attorney for Plaintiff
Parsons Law Firm PLC
520 S. Union, PO Box 1710
Traverse City MI 49685-1710
(231) 929-3113
info@parsonslawfirm.net
P38214