UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEEGAN GORDON,

    Plaintiff,

v

TRAVERSE CITY AREA
PUBLIC SCHOOLS,

    Defendant.

Case No. 1:15-cv-121

Honorable: Gordon J. Quist

---

Grant W. Parsons (P38214)
Stephen M. Wittbrodt (P76160)
PARSONS LAW FIRM, PLC
Attorneys for Plaintiff
520 S. Union
P.O. Box 1710
Traverse City, MI 48685-1710
(231) 929-3113

William Vogelzang, Jr. (P29231)
Mark T. Ostrowski (P49761)
Kara T. Rozin (P72140)
KLUCZYNSKI, GIRTZ & VOGELZANG
5005 Cascade Road, SE, Suite A
Grand Rapids, MI 49546
(616) 459-0556

---

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **Monday, March 30, 11:00 a.m.** before the Hon. Hugh H. Brenneman, Jr., US Magistrate Judge. Appearing for the parties as counsel will be:

    Grant W. Parsons for Plaintiff
    Stephen M. Wittbrodt for Plaintiff

    Mark T. Ostrowski for Defendant

1.    <u>Jurisdiction</u>: **The basis for the court's jurisdiction is** 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4), 2201 and 2202; Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*; and 42 U.S.C. §1983.

2.    <u>Jury or Non-Jury</u>:    **This case is to be tried before a jury.**

3. <u>Judicial Availability</u>: Plaintiff agrees, Defendant does not **agree to have a United States Magistrate Judge conduct any further proceedings in the case.**

4. <u>Geographic Transfer</u>: **A transfer for geographic convenience is unwarranted in this case.**

5. <u>Statement of the Case</u>: **(Plaintiff) Plaintiff was 15 years old at the time this case arose. One of his teachers started a texting relationship and then sexually assaulted him. More than 2 months passed before she pled guilty to attempted first degree criminal sexual conduct. During the time the 1st degree Criminal Sexual Conduct charges were pending against the teacher, and the case was under investigation, the Defendant TCAPS acted as if the 15 year old Plaintiff were the guilty party, and TCAPS subjected him to various forms of retaliation as described in the Complaint at paragraph #14. He was treated as if he were the perpetrator; he was suspended, removed from classes attended by the perpetrator's children, falsely reported to police for criminal activity, lost his place in school athletics, and other forms of retaliation. Plaintiff's was denied accommodation and remediation that he was entitled to at the time. During the retaliatory conduct, TCAPS received notice that the teacher had committed similar acts in the past. Defendant's retaliation and adversity to Plaintiff caused the community to believe Plaintiff was the instigator of the sexual misconduct by the teacher, and led the community to retaliate and act hostilely toward Plaintiff. As a result of the retaliation, Plaintiff dropped out of school, lost his chance for a college athletic scholarship, left his home town to avoid retaliation, and never graduated. He suffered severe emotional distress and physical symptoms ranging from hives to sleeplessness to stomach problems. To the present, Defendant TCAPS continues to blame Plaintiff because he "initiated the exchange and ... initiated the sexual contact with the teacher..." and claims it never received notice of similar conduct by the teacher, and insists that the teacher "was an effective teacher." (See Defendant's Answer to the Complaint) To this day, because of Defendant's continued defense of its criminally-guilty teacher, and past retaliation against Plaintiff in violation of Title IX, Plaintiff is an outcast in his community and continues to suffer. Plaintiff requested accommodation, counseling, tutoring and coaching, in order to avoid this litigation, and was provided little or none.**

**Defendant's Statement of the Case::** Teacher Lisa Placek engaged in an inappropriate and illegal sexual act with plaintiff. A few days prior to the incident, plaintiff and Placek exchanged nude photographs of themselves to one another on their cell phones. Plaintiff initiated the exchange of inappropriate photographs and initiated the sexual contact. He went so far as to attempt to arrange the sexual act in an

automobile in a location where it could be viewed by his friends. The incident occurred on December 31, 2011, while students and teachers were on winter break.

The school district had no prior knowledge of any inappropriate relationship. It had no basis to suspect that Ms. Placek would engage in inappropriate contact with plaintiff or any other student. Ms. Placek was an effective teacher and there were no prior known instance of misconduct.

On January 19, 2012, or about two and one half weeks after the illegal sex act, nude photographs of Ms. Placek from the waist up began circulating among students. Plaintiff apparently sent the photographs to his friends who in turn began distributed the images to other students. The parent of a student reported hearing reports of the existence of the photographs to High School Assistant Principal, Charles Kolbusz. Ms. Placek was immediately questioned about the rumors. She offered explanations and suggested the photograph may have been retrieved by a student while her telephone was left on her desk unattended. Despite her attempted explanations, she was immediately suspended and never did return to the school. Approximately two months later, after the police conducted their investigation, Ms. Placek entered a guilty plea.

There is simply no basis for holding the school district responsible for the incident or its aftermath. It had no notice or knowledge of any inappropriate conduct by Ms. Placek prior to January 19. It was only after Ms. Placek was suspended as a result of the illegal contact with plaintiff that a report of a sexual encounter with a former student occurring years prior and during the summer after he graduated was made to school personnel. Nor is there any basis for the allegations of retaliation. The school district did everything in its power to assist plaintiff in dealing with the incident. When it learned

3

of negative comments from other students they were appropriately chastised. Plaintiff engaged in instances of misconduct which were properly investigated and for which he was treated more leniently than would have been the case with other students. All of his requests for accommodations were granted and the school district took all reasonable measures within its control in an attempt to assist plaintiff.

Defendant is skeptical of plaintiff's claimed harm and suspects discovery will show the alleged damages are exaggerated and are predominantly or completely unrelated to the misconduct of Ms. Placek. In any event, Defendant is confident the evidence will show that it is not responsible for having caused any of the alleged harm.

6. <u>Joinder of Parties and Amendment of Pleadings</u>: **The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by May 1, 2015.**

7. <u>Disclosures and Exchanges</u>: **Plaintiff states that he participated in prior State court litigation against Lisa Placek, the assaultive teacher. Defendant TCAPS counsel participated in that litigation to the extent of representing TCAPS personnel during depositions. Transcripts and exhibits relevant to those depositions have been shared, and Defendant TCAPS is aware or the issues involved in the instant federal litigation and obtained all State Court documents of record. It is believed TCAPS has not produced all school records of Plaintiff, and claims FERPA protection. It is believed TCAPS has not obtained Plaintiff's medical and psychological counseling records.**

Defendant denies that it has failed to produce any documents which were the subject of an appropriate request.

**(i) Rule 26(a)(1) Initial Disclosures: Initial for Plaintiff: Individuals with Discoverable Information known at this time:**

Kathryn and Jason Gordon, parents, Interlochen MI

Fellow Classmates/Students:
    Balino, Grant
    Burch, Alex
    Burch, Harry

    Franklin, Trevor

4

Gillow, Kaden
Harner, Bryce

McCaughna, Jaylyn
Merriweather, Melissa

Oakley, Jessica
O'Rourke, Julie

Waugh, Otavio
Workman, Alex

Dom (last name unknown)

TCAPS personnel:
    Bocian, Matt
    Cousins, Steve (former superintendent)
    Davis, Christina
    Dumont (first name unknown) teacher
    Freed, (first name unknown) School Counselor
    Inglis, Cody
    Kolbusz, Charles
    Long, Stephanie
    Mohrer, Dr. Jayne, (associate superintendent)
    Tibalidi, Joseph
    Tibaldi, Patti (Athletic Director)
    Vanlandshoot, Ashley
    Wooer, Tim

    Appel, Gary – and other current TCAPS School Board Members

Police Investigating:
    Bailey, Det. Robert, Leelanau County Sheriff's Dept
    Kerr, Det. R. Clint, Leelanau County
    Heller, Det. Todd, GTC Sheriff's Dept
    Morton, Det. Jana, GTC Sheriff's, Dept.

Others:
    Adam Bragg, Dept of Human Services
    Julie Eikey, Child and Family Services
    Dr. Robert Ulrich, Traverse City MI
    Therapists at Pine Rest

<u>Depositions taken in the State Circuit Court matter included</u>:
    Gordon, Keegan

Gordon, Kathryn

**Partial Depositions of the following TCAPS personnel were taken pursuant to the State Circuit Court's protective order."**
Bocian, Matt
Davis, Christina
Kolbusz, Charles
Long, Stephanie
Tibalidi, Joseph
Vanlandshoot, Ashley
Wooer, Tim

Defendant will make its initial disclosures pursuant to Rule 26(a) (1) by April 30, 2015.

(ii) Rule 26(a)(2) Disclosure of Expert Testimony

**Plaintiff expects to be able to furnish the names of plaintiff's expert witnesses by May 15, 2015**

Defendant expects to be able to furnish the names of its expert witnesses by June 15, 2015.

**Reports should be exchanged according to the following schedule:**

**Plaintiff's expert reports due July 15, 2015**

Defendant reserves the right to have plaintiff evaluated, prior to August 1, by psychologist R. Scott Stehouwer, Ph.D. Dr. Stehouwer's report will be provided to plaintiff within 14 days of conclusion of his evaluation.

(iii) Rule 26(a)(3) Pre-Trial Disclosures

**Plaintiff will ascertain current addresses and phone numbers of witnesses, as they are no longer students in the area.**

**Plaintiff requests the phone numbers and addresses of school personnel (having discoverable information) as required by the rule.**

Defendant does not agree to allow *exparte* contact with its personnel. Defendant requests that any contact with school personnel be made through defense counsel.

(iv) Plaintiff proposes the parties make available the following documents without the need of a formal request for production: all non-

privileged information that is not protected by work product at the opposing party's expense.

Defendant will produce all documents required pursuant to Rule 26 without need for a formal request for production. All other documents can be requested by way of formal requests for production.

8.  Discovery: **The parties believe that all discovery proceedings can be completed by October 15, 2015. The Plaintiff recommends the following discovery plan:**
    **15 Depositions**
    **45 Interrogatories**


9.  Motions: **Plaintiff proposes that Dispositive motions be filed 30 days prior to the close of discovery.**

Defendant proposes that dispositive motions be filed 60 days after the close of discovery.

The following dispositive motions are contemplated by each party:

Defendant anticipates filing a Motion for Summary Judgment pursuant to F.R.C.P. 56(C) seeking dismissal of all of plaintiff's claims.

10. Alternative Dispute Resolution: **The parties recommend that this case be submitted to the following method of alternative dispute resolution:**

    **Plaintiff says: Voluntary facilitative mediation (W.D. Mich. L. Civ. R.16.3)**

Defendant is willing to participate in Voluntary Facilitative Mediation following the close of discovery.

11. Length of Trial: **Counsel estimate the trial will last approximately 10 days total, allocated as follows: 5 full days for plaintiff's case, and  5  full days for Defendant.**

12. Prospect of Settlement: **The status of settlement negotiations are: Plaintiff made a demand, and there has been no response.** Defendant submits it has not received a monetary settlement demand. Defendant has requested that plaintiff make a monetary settlement demand and will respond within a reasonable time after receipt.

13. Electronic Document Filing System: **All documents will be filed using the Court's CM/ECF system.**

7

14. <u>Other</u>: Defendant will file an appropriate motion for protective order regarding the school officials whom Plaintiff intends to contact.

Date: March 24, 2015          s/Grant W. Parsons
                              Parsons Law Firm PLC
                              Attorneys for Plaintiff
                              520 S. Union, P.O. Box 1710
                              Traverse City MI  49685-1710
                              (231) 929-3113
                              info@parsonsringsmuth.com
                              P38214

Approved:

Date: March 24, 2015          s/Mark Ostrowski
                              Attorney for Defendant
                              Kluczynski Girtz & Vogelzang
                              5005 Cascade Rd SE, Ste A
                              Grand Rapids MI  49546
                              (616) 459-0556


## CERTIFICATION OF SERVICE

I hereby certify that <u>on March 25, 2015</u>, I electronically filed the foregoing paper (**Rule 16 Joint Status Report**) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Mark Ostrowski and William Vogelzang Jr.


Date: March 25, 2015          s/ Grant W. Parsons
                              Parsons Law Firm PLC
                              Attorneys for Plaintiff
                              520 S. Union, P.O .Box 1710
                              Traverse City MI  49685-1710
                              (231) 929-3113
                              info@parsonsringsmuth.com
                              (P38214)